IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALFREDO NIETO REYES,**

      **Petitioner,**

  **v.**                                  **CIVIL ACTION NO. 5:05CV71**
                                              **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09. On May 16, 2005, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 requesting that his sentence be modified. By Order entered on June 3, 2005, the Court directed the respondent to show cause why the writ should not be granted. On September 13, 2005, the respondent filed a response.

### II. FACTS

The petitioner was convicted in the United States District Court for the Eastern District of California of being a deported alien found in the United States. On June 2, 2003, the petitioner was sentenced to 70 months imprisonment. The petitioner is currently incarcerated at FCI-Gilmer, Glenville, West Virginia.

The petitioner did not appeal his conviction and sentence. However, he indicates in his petition that he filed a post-conviction proceeding in the United States District Court which was

denied.[1]  Now, the petitioner seeks to have his sentence modified by this Court via a §2241 petition.

In his §2241 petition, the petitioner states that he wants resentenced so he can take advantage of the current sentencing guidelines and he requests a downward departure on the basis of acceptance of responsibility.

The respondent contends that the petitioner is not entitled to any relief under §2241.

### III.  ANALYSIS

A motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence.  Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence).

The undersigned finds that because the petitioner is attempting to have his sentence modified he is seeking §2255 relief not §2241 relief.  See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, a federal prisoner may seek relief under 28 U.S.C. §2241 only when §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy.  In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner

---

[1] However, the petitioner's docket sheet for criminal action 1:02cr5462 from the Eastern District of California makes no mention of any post-conviction motions being filed.

> was convicted is deemed not to be criminal; and (3) the prisoner
> cannot satisfy the gate-keeping provisions of §2255 because the new
> rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

In the instant case, the docket sheet from the petitioner's criminal case does not reveal the petitioner ever filed a §2255 motion. Further, the petitioner does not meet any of the Jones requirements. Because the petitioner is challenging his sentence, and §2255 is not an inadequate remedy, his claims should be brought in a §2255 motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); see also Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W.Va. 2001).

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner.

DATED: September 26, 2005

                                                 /s/ James E. Seibert
                                                 JAMES E. SEIBERT
                                                 UNITED STATES MAGISTRATE JUDGE