IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALFREDO NIETO REYES,

    Petitioner,

v.                                       Civil Action No. 5:05CV71
                                             (STAMP)
UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On May 16, 2005, the petitioner, Alfredo Nieto Reyes, appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the case to United States Magistrate Judge James E. Seibert, pursuant to Local Rule of Prisoner Litigation Procedure 83.09, to recommend disposition of this matter.

On September 27, 2005, Magistrate Judge Seibert entered a report recommending that the § 2241 petition be denied and dismissed with prejudice. The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. No objections have been filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of

a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because no objections have been filed, this Court has reviewed the magistrate judge's report and recommendation for clear error, and is of the opinion that it should be affirmed and adopted in its entirety.

## II. Discussion

In his § 2241 petition, petitioner seeks to have his sentence modified. Specifically, the petitioner requests a resentencing so he can attempt to receive a downward departure for acceptance of responsibility.

After reviewing the record, the magistrate judge concluded that the petitioner should file a motion under § 2255, not § 2241, to have his sentence modified. The magistrate judge recommended that the petitioner's § 2241 be denied. The petitioner did not file objections to the report and recommendation.

As the magistrate judge correctly states, a motion filed under § 2241 must pertain to an applicant's commitment or detention and a motion filed under § 2255 must pertain to collateral attacks upon the imposition of a prisoner's sentence. A federal prisoner may seek relief under 28 U.S.C. § 2241 only when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).

The magistrate judge notes that the Fourth Circuit has addressed the prerequisites for finding that § 2255 is an inadequate or ineffective remedy in In re Jones, 226 F.3d 328 (4th Cir. 2000). The Fourth Circuit determined that § 2255 is inadequate when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In the present case, the petitioner does not meet any of the conditions set forth in Jones. Thus, the proper avenue for the petitioner is to file a § 2255 motion.

### III. Conclusion

Because this Court concludes that the magistrate judge's recommendation is without clear error, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the petitioner's § 2241 petition is DENIED and this civil action is hereby DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner failed to

object, he has waived his right to seek appellate review of this matter. See <u>Wright v. Collins</u>, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 25, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE